**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NIDAL CHATILA, | No. 16-15244 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02022-SRB |
| v. | |
| SCOTTSDALE HEALTHCARE HOSPITALS, DBA HonorHealth Deer Valley Medical Center, DBA John C. Lincoln Deer Valley Hospital, an Arizona corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted June 5, 2017
Pasadena, California

Before: BEA and HURWITZ, Circuit Judges, and MOTZ,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by designation.

Nadil Chatila appeals the summary judgment in favor of Scottsdale Healthcare Hospitals (the "Hospital") on Chatila's claims under the Family and Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), and Rehabilitation Act of 1973 ("Rehab Act"). We have jurisdiction under 28 U.S.C. § 1291. We affirm the judgment as to Chatila's ADA and Rehab Act claims. However, we reverse the judgment as to Chatila's FMLA claim and remand to the district court.[1]

1. We affirm the grant of summary judgment on the ADA and Rehab Act claims because Chatila failed to raise a triable issue of fact that the Hospital's nondiscriminatory reason for its alleged adverse employment action was pretextual. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003). During the last three months of her employment as a pharmacy technician, Chatila made six medication errors, at least one of which would have threatened the life of a patient had the medication been administered. Chatila failed to identify any similarly-situated Hospital employee without Chatila's disability who also made life-threatening medication errors but did not suffer a similar adverse employment action. *See Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 602 (9th Cir. 1993)

---

[1] Because the parties are familiar with the factual and procedural history of this case, we recite only those facts necessary to resolve the issues raised on appeal.

(comparing qualifications of employees to "ferret out discriminatory motives" of employer).

2. However, Chatila raised triable issues of fact regarding whether she requested FMLA leave before her purported resignation and whether the Hospital interfered with her right to take leave under the FMLA. Chatila purportedly resigned during a meeting with her supervisor on October 22, 2013. Chatila's supervisor did not dispute that, the night before the meeting, he read an email from Chatila which stated the following: "It may be a good idea for me to take [FMLA] to recover from the emotional factors that have put impact on my illness." It is also undisputed that Chatila wrote the following note on the final written warning she received during the meeting: "Need to take full [FMLA]/I feel the medication and illness needs working on." When viewed in the light most favorable to Chatila, the email and handwritten note raise a triable issue of fact regarding whether Chatila requested FMLA leave before her purported resignation.

Chatila also raised a triable issue of fact regarding whether the Hospital interfered with her rights under the FMLA. The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the statute. 29 U.S.C. § 2615(a). The regulations which interpret the FMLA state that "[i]n all cases, the employer

3

should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken." 29 C.F.R. § 825.302(c);[2] *Bachelder*, 259 F.3d at 1130 ("[I]t is the employer's responsibility, not the employee's, to determine whether a leave request is likely to be covered by the [FMLA]."). Chatila's supervisor did not "inquire further" upon receipt of Chatila's email or note whether Chatila had requested FMLA leave. A reasonable jury could find that the failure to do so interfered with Chatila's attempt to exercise her rights under the FMLA.

Chatila's supervisor also made comments during the meeting on October 22, 2013, that raise a triable issue of fact regarding whether the Hospital interfered with Chatila's attempt to exercise her rights under the FMLA. During the meeting, Chatila's supervisor complained to Chatila that she was "putting bombshells in between every week" when he was "trying to make a cohesive clean working schedule." A reasonable jury could interpret that statement as a reference to

---

[2] *See also Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1123 n.9 (9th Cir. 2001) ("Congress authorized the Department of Labor to promulgate regulations implementing the FMLA. 29 U.S.C. § 2654. The department's reasonable interpretations of [ambiguous provisions of the] statute are therefore entitled to deference under *Chevron USA Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843–44 (1984).").

Chatila's requests for FMLA leave. Chatila's supervisor also told Chatila that he "could have done it the hard way, but . . . didn't[,]" which a reasonable jury could interpret as a warning to Chatila that she would be fired if she did not resign.

3. Chatila did not expressly raise a hostile work environment cause of action in her original or amended complaint. Therefore, the district court did not err when it refused to consider Chatila's argument that she pleaded a separate hostile work environment claim. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**